Edward J. MANNION and William C. Stude, Plaintiffs/Respondents,

v.

K. KHAN, INC., Defendant/Appellant.

No. 73730.

Missouri Court of Appeals,
Eastern District,
Division One.

March 2, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 5, 1999.

Application to Transfer Denied
June 29, 1999.

Peter H. Love, St. Louis, for appellant.

Jeffrey D. Sigmund, St. Louis, for respondent.

WILLIAM H. CRANDALL, Jr., Judge.

Defendant, K. Khan, Inc., appeals from the judgment in a court-tried case in favor of plaintiffs, Edward J. Mannion and William C. Stude, in an action for rent and possession. We affirm.

Our review of a court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The evidence established that in February 1995, plaintiffs, Edward J. Mannion and William C. Stude (hereinafter landlords), entered into a written lease with defendant, K. Khan, Inc. (hereinafter tenant), for commercial retail property located at 13150 Tesson Ferry Road in a strip mall. The lease was for a term of five years, commencing on May 1, 1995. The lease provided for a monthly rental of $1,125.00, plus charges for common area maintenance (hereinafter CAM) and for improvements. In September 1995, landlords and tenant amended the lease, effective May 1, 1996, adding the adjoining property located at 13148 Tesson Ferry Road to the lease. The amended lease provided for an increase in the monthly rental to $2,250.00 as well as an increase in the CAM and improvement charges. In February 1997, the lease was again amended to terminate the lease for the property located at 13148 Tesson Ferry Road and to return the monthly rental for the property located at 13150 Tesson Ferry Road to $1,125.00 as well as to reduce the CAM and improvement charges. Tenant vacated the property located at 13148 Tesson Ferry Road.

Thereafter, a dispute arose between landlords and tenant regarding unpaid rent and CAM charges. In May 1997, landlords brought a rent and possession action under sections 535.010 through 535.185, RSMo (1994). Landlords' affidavit and statement averred tenant owed rent of $2,250.00 per month, for a total of $9,031.72 from December 1, 1996 to May 31, 1997, plus interest at the rate of 1½ percent per month on the late rental payments. At trial, landlord-Stude testified that the amount tenant owed included rent and CAM charges; and after deducting the amounts tendered by tenant from the total amount owed for the period of the lease, calculated the balance due under the lease at $6,577.77.

The trial court found in favor of landlords, awarding them damages of $6,577.77 and possession of the property located at 13148 and 13150 Tesson Ferry Road. The court entered judgment on October 6,

1997, and mailed the judgment to the parties on that date.

In its first point on appeal, tenant contends the trial court erred in entering judgment in favor of landlords because landlords' statement demanded more rent than was due in contravention of section 535.020, RSMo (Cum.Supp.1997) which required the statement set forth "the amount of rent actually due." Tenant argues landlords' failure to state the exact amount hindered its right under section 535.040, RSMo (Cum.Supp.1997) to retain possession of the premises by paying the rent due, with all costs, at any time before judgment was rendered. Although tenant did not raise this issue at any time during the proceedings in the trial court, it asserts that the requirement to state the exact amount of rent actually due was jurisdictional and thus it was entitled to raise the issue for the first time on appeal.

Assuming, without deciding, that tenant's contention needs to be addressed on the merits, tenant's argument nevertheless fails. Tenant's reliance on the decisions in *Emert v. Waldman,* 186 S.W.2d 42 (Mo. App.1945) and *Bald v. E. & J. Auto Painting Co.,* 18 S.W.2d 902 (Mo.App.1929) is misplaced. Those cases were decided under the statutes in existence at the time which provided that *at any time before judgment was rendered* the tenant could retain possession of the premises by paying the amount of rent demanded plus costs. *Emert,* 186 S.W.2d at 46; *Bald,* 18 S.W.2d at 902. As the court in *Emert* pointed out, "[b]ecause of this summary character of the proceedings, it has been held that where a greater sum is demanded than is actually due, the plaintiff landlord is not entitled to recover." *Emert,* 186 S.W.2d at 46–47.

In contrast, the statute in existence at the time the present case was tried, section 535.160, RSMo (Cum.Supp.1997), permitted the tenant to pay the rent in arrears and all costs "on the date any money judgment is given" or "on any date after the date of any original trial but before any trial de novo." The statute permitted tenant to tender payment of the rent in arrears after the trial court entered a money judgment in favor of landlords. Thus, tenant did not have to rely exclusively on landlords' statement of the amount of rent due to avoid eviction, but was entitled to wait until the court entered judgment fixing the amount of rent in arrears.

Tenant's argument that it was denied the statutory right to pay up the rent due because landlords did not provide it with the exact amount due is also without merit. Tenant did not file a responsive pleading alleging that it owed landlords an amount different from that stated in the landlords' petition. Rather, tenant filed a counterclaim alleging that it was not in default and had timely made or tendered all payments due. Tenant, therefore, exhibited no intent to tender payment of the amount of rent due prior to judgment. In the instant action, the discrepancy between the amount of rent alleged in landlords' petition and the amount of the judgment did not prejudice any rights tenant had under the statute to pay the amount of rent in arrears.[1] In addition, tenant was apprised of the amount of rent actually due because landlord-Stude testified at trial that the balance due under the lease was $6,577.77, the amount of the judgment. Tenant's first point is denied.

Tenant raises other claims of trial court error: mailing the judgment five days after judgment was entered (Point II); including in the judgment CAM and improvement charges (Point III); entering

---

1. Similarly, the Supreme Court of Missouri in *Federated Mortg. and Inv. Co. v. Jones,* 798 S.W.2d 719 (Mo. banc 1990) addressed the verification by affidavit requirement in a proceeding to dispossess the tenant for nonpayment of rent and found that the lack of verification did not deprive the court of jurisdiction. The court analyzed the lack of verification in terms of whether defendant suffered prejudice and found an absence of prejudice. *Id.* at 721.

judgment in favor of landlords where there was no evidence that rent was actually due (Point IV); entering judgment for 1995 rent and for prejudgment interest thereon (Points V and VI respectively); entering judgment in favor of landlords where landlords did not furnish it with thirty days notice (Point VII); entering judgment for rent and possession of 13148 Tesson Ferry Road because no lease was in effect for that property and because the judgment included CAM and improvement charges (Points VIII and IX respectively). We have reviewed the record on appeal with regard to these allegations of error. No error of law appears. An opinion would have no precedential value. The remaining points on appeal are denied pursuant to Rule 84.16(b).

The judgment of the trial court is affirmed.

JAMES A. PUDLOWSKI, P.J. and CLIFFORD H. AHRENS, J., CONCUR.