**K.O. REAL ESTATE, LLC.,**
**Respondent,**

v.

**Gregory O'TOOLE, et al., Appellant.**

**No. ED 91989.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 23, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 3, 2009.

Application for Transfer Denied
Oct. 6, 2009.

Joseph A. Fenlon, St. Louis, MO, for Appellant.

Nicole S. Zellweger, Stinson Morrison Hecker LLP, St. Louis, MO, for Respondent.

KURT S. ODENWALD, Presiding Judge.

### Introduction

Gregory O'Toole (Defendant) appeals from the trial court's judgment, following a bench trial, on a rent and possession case filed by Plaintiff K.O. Real Estate, L.L.C. (K.O.) against Defendant. We affirm.

### Factual and Procedural Background

Defendant executed a five-year lease for the property at 6011 North Lindbergh in Hazelwood (Subject Property) from K.O. as lessor in March 2006. On February 7, 2008, K.O. filed a petition against Defendant before an associate circuit judge. Defendant filed a counterclaim petition on March 12, 2008, against K.O. On May 12, 2008, K.O. filed a motion for leave to file an amended petition and to join Danny Donovan (Donovan) as a defendant, which was granted on May 20, 2008, at which time K.O. filed its verified amended petition for rent and possession (Amended Petition).

K.O.'s Amended Petition alleged three counts: count one for rent and possession against Defendant alleged that pursuant to his lease, Defendant was obligated to pay $44,880 per year for 2007 and 2008, and was in breach of his rental obligations and in arrears in the amount of $24,800.54 for rent, late charges, real estate taxes, insurance payments, and other costs through May 2008, with additional rent, late charges, and other costs continuing to accrue during the pendency of this action. In count two for rent and possession against Defendant, K.O. alleged that K.O. entered into a parking lot lease with Defendant for property contiguous to the Subject Property for an additional $200 per month, of which Defendant was in breach and in arrears in the amount of $3,984.25 for rent, late charges, and other costs through May 2008, with additional rent, late charges, and other costs continuing to accrue during the pendency of this action. In count three for rent and possession against both Defendant and Donovan, K.O. alleged in the alternative, that to the extent Donovan had any interest or claim in the Subject Property or the parking lot, K.O. sought the same relief against him as it did against Defendant. K.O. requested that the trial court rule against Defendant on all three counts and against Donovan on count three. K.O. sought past-due rent, late charges, real estate tax-

es, insurance payments, and other costs through May 2008, immediate possession of the Subject Property, monthly rent, late charges, and other costs associated with the parking lot and those that accrued during this action, interest in the statutory rate from judgment date, reasonable attorney's fees, costs K.O. had incurred, and such further relief as the court deemed proper.

Attached to the Amended Petition as Exhibit A was a copy of the five-year lease, signed by James K. O'Brien, President of K.O. (President), as the lessor, and Defendant as the lessee. Under the terms of the lease, the lessee was to pay a monthly base rental, which increased annually; real estate taxes; insurance charges; all utility costs; and attorney's fees under certain circumstances. Additionally, upon a default by the lessee, or Defendant's failure "to make any payment of rent or additional rent or any other payment required to be made by Lessee" under the lease, the remedies available to the lessor included termination of the lease and immediate repossession of the Subject Property and for the lessee to immediately surrender possession and vacate the Subject Property.

On March 12, 2008, Defendant filed a counterclaim against K.O. alleging three counts of intentional interference with three separate contracts or "business expectancy." The trial court severed the counterclaim from the rent and possession Amended Petition by order on September 3, 2008.

The case was assigned to an associate circuit judge, Division 41, on July 8, 2008. Donovan requested a change of judge, which was granted by Assignment Order on July 11, 2008. The Assignment Order stated, "Pursuant to Local Rule 6.1, case assigned/reassigned to Division 33W for hearing and determination on the record under practices and procedures applicable before Circuit Judges; record to be made by electronic recording device."

A trial was held before the associate circuit judge in Division 33W on September 3, 2008. President testified to entering a lease with Defendant for the Subject Property and the adjacent parking space. He testified that K.O. was seeking possession of the Subject Property as well as the additional parking space. Additionally, although Defendant still occupied the Subject Property and parking lot, President testified that Defendant failed to pay rent for the past six months before trial, and before that, he was consistently late in paying rent. K.O. submitted copies of several demand letters for payment made to Defendant, over the objection that the demand letters were not made by the owner of the property. K.O. also submitted its Exhibit B, outlining all monthly fees and payments. Exhibit B separated the amount owed as rent from late fees, bills, and interest.

Also during trial, evidence was presented showing that MBZ Investments deeded the Subject Property to Kathleen O'Brien, trustee of the Kathleen A. O'Brien Living Trust, before the lease was signed by K.O. and Defendant. President testified that Kathleen O'Brien was his wife. On cross examination, President was asked whether there was "some kind of an agreement that [he] brought with [him] today between [K.O.] and the living trust," and President responded, "That I brought with me today? No." When asked if he knew whether an agreement even existed, President responded, "Yes."

Defendant testified that he executed a lease with K.O. for the Subject Property, and admitted that at some point in 2007 he stopped making the rent payments due under the lease. Defendant testified that

he made two rent payments in 2008, and made no rent additional payments.

Donovan testified at trial that he never signed the lease regarding the Subject Property. Donovan worked for Defendant and "just mainly managed the place," and testified that he was not claiming any interest in any way to the Subject Property. Donovan viewed a copy of the signed lease and testified that his signature was not on the document.

Following the presentation of all of K.O.'s evidence, K.O. moved for judgment in its favor. Defendant also moved for a directed verdict in its favor on the grounds that K.O. was not the owner of the Subject Property, and the lease was binding only on the owner. K.O. argued that it was the lawful lessor and landlord under the lease, and that it executed the lease as a manager on behalf of the owner who had retained K.O. to manage the property. The trial court denied both motions. Defendant again moved for directed verdict in its favor on the grounds that K.O. failed to specify exactly the amount of rent due. The trial court denied Defendant's motion.

The court dismissed Donovan as to counts II and III because Donovan testified that he did not have any interest in the Subject Property. Donovan's counterclaim was then dismissed without prejudice. The trial court gave the parties a trial date of November 4, 2008, for the counterclaim, which was severed from the petition.

On September 8, 2008, the trial court issued its Judgment. Regarding K.O.'s action for rent and possession based on the signed lease, the trial court entered judgment in favor of K.O. and against Defendant in the amount of $52,280.39 plus interest of $2,534.39, plus attorney's fees in the amount of $10,813.40, which the trial court erroneously totaled to $55,046.89. Additionally, the trial court dismissed count III against Donovan and dismissed count II against Defendant.

On September 10, 2008, the trial court issued another Order and Judgment in which it amended the September 8, 2008 Judgment. The September 8 Judgment incorrectly totaled the judgment amount, and the September 10 Order and Judgment amended the amount to $65,860.29.

Also on September 10, 2008, K.O. filed an Emergency Motion for Post-Judgment Relief, alleging that although the trial court awarded K.O. immediate possession of the Subject Property, K.O. observed Defendant constructing interior walls on the property, and then observed Defendant tearing down interior walls and continuing its waste at the property. K.O. asked that the court order Defendant to vacate the property and cease any construction, demolition or other actions constituting waste or vandalism and authorize K.O. to immediately change the locks on the premises.

On September 12, 2008, Defendant filed a Motion to Amend the Judgment pursuant to Rule 78.04,[1] alleging that K.O. is not the owner of the Subject Property and therefore is not the landlord. Defendant claimed that K.O. is not the real party in interest and judgment should be entered in favor of Defendant. Defendant also dismissed his counterclaims without prejudice on the same day.

Finally, on September 12, 2008, the trial court issued a Final Order and Judgment in which it found that K.O. was the manager of the Subject Property, was the agent

---

1. All rule citations, unless otherwise noted, are to the Missouri Rules of Civil Procedure (2008).

for the owner of the Subject Property, and filed the action against Defendant in that capacity. The Final Order and Judgment denied Defendant's Motion to Amend the Judgment, and granted K.O.'s Emergency Motion for Post–Judgment Relief and to Amend. The trial court ordered Defendant to vacate the property and cease any construction, demolition, or other actions constituting waste or vandalism to the property, including removing permanent fixtures. The trial court further authorized K.O. to change the locks and prevent Defendant from accessing or entering the property. Additionally, the trial court awarded additional attorney's fees to K.O. in the amount of $3000, pursuant to the lease, bringing the total judgment against Defendant to $68,860.29. In its Judgment, the trial court stated, "Except as amended herein, the Judgment entered on September 8, 2008[,] remains in full force and effect."

Defendant filed his timely notice of appeal on September 23, 2008. A garnishment for possession of the Subject Property was also issued on the same day, and service was attempted the following day. On April 3, 2009, K.O. filed a Motion for Attorneys' Fees for those fees and costs expended in defending this appeal.[2]

### Points on Appeal

Defendant raises six points on appeal. In his first point, Defendant alleges the trial court erred in its judgment awarding K.O. possession of the leased premises because the award was outside the scope of the pleadings, which sought only delinquent rent.

In his second point, Defendant claims that the trial court erred in entering a judgment in favor of K.O. and enforcing the lease because the lease was not signed by the owner of the premises or by an agent of the owner authorized in writing to sign for the owner. Defendant argues that Section 432.050, RSMo 2000,[3] and case law require that a lease not signed by the owner or by an agent of the owner authorized in writing to sign for the owner be given only the force and effect of an estate at will.

Third, Defendant alleges the trial court erred in overruling Defendant's motion to dismiss for lack of jurisdiction because K.O. was not the real party in interest. Defendant claims that the leased premises were owned by a living trust, and that K.O. filed the suit in its own name as an individual and not in any representative capacity.

In his fourth point, Defendant argues the trial court erred in entering judgment in favor of K.O. because its judgment was based on issues contrary to the pleadings. Defendant asserts that the petition identified K.O. as the owner of the leased premises. When K.O. changed its claim during trial and argued that it acted in its capacity as agent of the owner, the trial court, over Defendant's objection, allowed K.O. to deviate from its pleadings and based its judgment on the impermissible deviations.

Defendant alleges in his fifth point that the trial court erred in entering a second judgment on September 12, 2008, without first vacating the prior judgment of September 8, 2008, because when Defendant dismissed his counterclaims, the September 8, 2008 judgment became a final judg-

2. K.O.'s Motion for Attorneys' Fees has been taken up by this Court with this appeal. K.O. requests $13,301 as reasonable and customary fees for its work performed on this appeal. K.O.'s Motion for Attorneys' Fees is granted and such fees and costs in the amount of $13,301 are awarded.

3. All subsequent statutory citations are to RSMo 2000, unless otherwise indicated.

ment as it decided and disposed of the whole merits of the cause and left no questions therein for the future judgment of the trial court. Defendant argues the first judgment remained the final judgment until vacated.

Finally, in his sixth and last point, Defendant alleges the trial court erred by not specifying the amount due for rent and the balance due for the other charges. Defendant claims the judgment does not conform to the requirements of Section 535.020, and that the trial court wrongfully deprived him of his statutory right to retain possession by paying the rent due irrespective of the other charges.

### Appellate Court Jurisdiction

Before considering the merits of this appeal, we must address the issue first raised by this Court as to whether we have jurisdiction to hear this appeal. Because this matter was appealed directly from a judgment by an associate circuit judge without a trial de novo in the circuit court, this Court issued an Order to Show Cause on January 14, 2009, requesting Defendant to file a copy of an order assigning the case to an associate circuit judge to hear the case on the record under procedures applicable before circuit judges or to show cause as to why this appeal should not be dismissed for lack of jurisdiction.

 The right to appeal is purely statutory; where a statute provides no right of appeal, none exists. *Watters v. Travel Guard Int'l,* 136 S.W.3d 100, 105 (Mo.App. E.D.2004). An appeal without statutory sanction confers no authority upon this Court except to enter an order dismissing the appeal. *Id.* Section 512.180 governs the right to appeal from cases tried before an associate circuit judge. *Id.* In particular, Section 512.180.1 provides that a "person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, *other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges,* shall have the right of a trial de novo in all cases tried ... under the provisions of chapters 482, 534, and 535, RSMo." In addition, Local Rule 6.1 of the Twenty–First Judicial Circuit requires all civil actions arising under Chapter 535 be heard by associate circuit judges unless otherwise assigned by the presiding judge.

 Here, Defendant appeals from a judgment in a rent and possession case governed by Chapter 535. This type of case is heard before an associate circuit judge, and normally provides an aggrieved party the right to a trial de novo. However, following a request for a change of judge, the presiding judge of the circuit court reassigned this matter for hearing to another associate circuit judge. Defendant has filed with this Court the July 11, 2008 case Assignment Order, which states, "Pursuant to Local Rule 6.1, case assigned/reassigned to Division 33W for hearing and determination on the record under practices and procedures applicable before Circuit Judges; record to be made by electronic recording device."

Critical to our determination of whether Defendant has a right to appeal from the order of the associate circuit judge to our Court is the language of the Assignment Order. While not required by statute or local rule, the Assignment Order issued by the presiding judge reassigned this matter to an associate circuit judge for hearing and determination *on the record under the practices applicable to circuit judges.* Accordingly, the Assignment Order expressly provides for the exception under Section 512.180.1, and therefore, does not permit an aggrieved party a trial de novo from the judgment entered by the associate cir-

cuit judge, and would appear to permit an appeal to this Court. However, because the reassignment of this matter was made following a routine disqualification of the prior associate circuit judge, we analyze whether the reassignment denies the aggrieved party to an action brought under Chapter 535 the right to a trial de novo, which in turn allows the judgment from the associate circuit judge to be appealed directly to this Court.

■ We first note that an assignment made to an associate circuit judge by a presiding judge following disqualification of the previous associate circuit judge ordinarily grants the new associate circuit judge the same powers and responsibilities as the disqualified judge, and does not intend assignment of the matter to be heard as a class of case exceeding the judge's subject matter jurisdiction. *See Three Bears Camp and Camping, Inc. v. Johnson,* 790 S.W.2d 951, 954 (Mo.App. S.D.1990). However, in *Three Bears,* the assignment following disqualification expressly granted the new judge "the same powers and responsibilities as the associate circuit judge in Taney County." *Id.* The assignment order in this case is not so limited.

We find *Watters v. Travel Guard International,* 136 S.W.3d at 106, instructive in our review of this Court's jurisdiction. *Watters,* a case pending in the Circuit Court for the City of St. Louis, was initially assigned to Division 27, presided over by an associate circuit judge. The matter was subsequently transferred for a jury trial to Division 29, also presided over by an associate circuit judge. Local Rule 6.3 of the Twenty–Second Judicial Circuit provided that if any party to a contest pending in Division 27 requests a jury trial, the case is assigned to Division 29 and tried on the record under circuit court rules. Thus, this Court found that "because judg-

ment in this case was rendered by an associate circuit court judge who had been assigned to hear the case under the procedures applicable before circuit court judges, under [S]ection 512.180.1, [the appellant] had the right to appeal to this Court." *Id.*

While the case before us was assigned under a different local rule than the applicable local rule in *Watters,* and did not involve a jury trial, we find these factual distinctions insignificant. Important to our analysis is the fact that the Assignment Order expressly specifies that the case is assigned under the procedures applicable before circuit court judges. We are aware of no limitation on the presiding judge's authority to reassign this matter to be heard under the procedures applicable before circuit court judges as permitted under Section 512.180.1, and we have not been provided any judicial authority by the parties suggesting any such limitation. While the presiding judge was not required to reassign this case under the procedures applicable before circuit court judges as permitted under Section 512.180.1, once it did so, any party aggrieved by the judgment of the associate circuit judge has the statutory right to appeal said judgment to this Court. *Id.*

Accordingly, Defendant has the right to appeal to this Court, which he did by filing a timely notice of appeal. We will now address the merits of the appeal.

*Standard of Review*

■ When reviewing a court-tried case, this Court will affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Ta Realty Assocs. Fund V, L.P. v. NCNB*

*1500, Inc.,* 144 S.W.3d 343, 346 (Mo.App. E.D.2004).

### Discussion

#### Point I—Award of Possession

In his first point, Defendant alleges the trial court erred in its judgment awarding possession because it made an award outside the scope of the pleadings by awarding K.O. rent and possession of the premises where the pleadings sought only delinquent rent. We disagree.

The purpose of pleadings is to "present, define, and isolate the issues, so that the trial court and all parties have notice of the issues." *Norman v. Wright,* 100 S.W.3d 783, 786 (Mo. banc 2003). However, the character of a cause of action must be determined from the facts stated in the petition and not by the prayer or the name given to the action by the pleader. *McMenamy v. Main,* 686 S.W.2d 874, 876 (Mo.App. E.D.1985). The prayer is not part of the petition. *Id.* An exhibit to a pleading, on the other hand, is a part of the pleading for all purposes. Rule 55.12; *McGuire v. Dir. of Revenue,* 174 S.W.3d 87, 89 (Mo.App. E.D.2005). The relief awarded in a judgment is limited to that sought by the pleadings. *Norman,* 100 S.W.3d at 786.

Defendant argues that *Rouse Co. of Missouri, Inc. v. Justin's, Inc.,* 883 S.W.2d 525, 529 (Mo.App. E.D.1994), is controlling. In *Rouse,* this Court held the trial court's judgment for possession to be void because the petition, titled "Affidavit and Complaint for Rent and Possession," was a one-count complaint for rent. By awarding possession, we found that the amended judgment granted relief beyond the respondent's claim for relief and issues submitted in the pleadings. *Id.* However, a critical distinction between the facts in *Rouse* and the case before us is that the pleadings at issue in *Rouse* did not "incorporate the lease by reference and there is no allegation of entitlement to possession." *Id.* at 529.

In this case, the operative lease was in fact incorporated into the pleadings as an exhibit to the petition. Additionally, evidence was presented during trial that K.O. was seeking "[e]verything under the lease," including possession. Moreover, we find that even prior to the presentation of the evidence at trial, Defendant had sufficient notice that possession was at issue based on the pleadings. In addition to attaching the lease as an exhibit to the petition, K.O. pled the events giving rise to its entitlement to possession as the lessor when Defendant defaulted on his lease. Consistent with our prior holding in *Rouse,* we do not find that K.O. adequately pleaded a case of possession because K.O. titled its cause of action as "Rent and Possession" or included a request for possession in its prayer for relief. Such actions do not plead a cause of action for possession. *Id.* However, K.O.'s attachment of the lease as part of the petition, including those provisions setting forth K.O.'s entitlement to possession upon nonpayment of rent adequately pleads K.O.'s claim for right to possession in this action. Defendant clearly was placed on notice that the action against him was for both rent and possession. The record contains substantial evidence that possession was pled, and therefore was properly awarded in the judgment against Defendant.

Point I is denied.

#### Point II—Requirement of Writing

In his second point, Defendant alleges the trial court erred in entering a judgment in favor of K.O. and enforcing the lease because the lease was not signed by the owner of the premises or by an agent of the owner *authorized in writing.*

Defendant claims that Section 432.050 and case law require that a lease not signed by either the owner or an agent of the owner authorized in writing, must be given only the force and effect of an estate at will. Notably, Defendant does not allege that the lease between it and K.O. was not in writing, or that K.O. seeks to enforce any terms that were not in writing. The record reveals that Defendant acknowledges the written lease and its terms. Further, Defendant does not allege that the lease is not signed by the parties who made the lease as required under Section 432.050. The record reveals that Defendant made the lease with K.O., who was identified as the lessor in the lease. Defendant's argument precariously hangs upon his contention that the lease is an estate at will because there is no evidence of a written agreement authorizing K.O. to act as an agent for the property owner. This point fails because the record before us provides substantial evidence from which the trial court found that K.O. was the agent for the owner of the Subject Property. Accordingly, we find Defendant's argument to be without merit.

During trial, Defendant solicited from President information regarding the ownership of the property at issue, and whether K.O. had an agreement with the Kathleen A. O'Brien Living Trust. Defendant asked President whether there was "some kind of an agreement that [he] brought with [him] today between [K.O.] and the living trust." President responded, "That I brought with me today? No." When Defendant asked President if he knew whether an agreement even existed, President answered, "Yes." When K.O. objected to this line of questioning, Defendant's counsel stated, "the relevancy is that [K.O.] is not even—is not an owner of this premises, and you cannot—they have no right to possession of the premises.... They're asking for possession, and they're showing no legal entitlement to possession." Defendant made no similar argument in the form of an answer or affirmative defense.

■ The parties disagree as to whether a writing requirement raised by Defendant in this point constitutes an affirmative defense of statute of frauds that was not pled by Defendant under Rule 55.08, or whether the writing requirement is a required element of a lease under Section 432.050. We need not address this issue to resolve Defendant's second point as Defendant's argument fails on the merits. The testimony elicited by Defendant from President provided sufficient evidence from which the trial court could reasonably conclude that a writing authorizing the agency relationship existed between K.O. and the owner of the Subject Property. President testified as to the existence of such an agreement, and further testified that it was not on notice to bring the writing to trial. The trial court found the testimony of President to be credible, and thus K.O. to be the manager of the Subject Property and the agent for the owner of the Subject Property, filing this action in such capacity. Appellate courts, in reviewing bench trials, give due deference to the trial court and its unique ability to judge the credibility of the witnesses and will uphold the judgment of the trial court if the result was correct on any tenable basis. *State v. Entm't Ventures I, Inc.*, 44 S.W.3d 383, 388 (Mo. banc 2001). Although the writing was not produced as evidence during trial, we find substantial evidence on the record existed in the form of President's uncontroverted testimony that K.O. had a written agreement to act as an agent for the owner of the Subject Property. This testimony alone, if believed, may constitute substantial evidence. *See Bock v. City of Columbia*, 274 S.W.3d 555, 560 (Mo.App. W.D.2008).

The trial court did not err in awarding damages and payments to K.O. under the valid and enforceable lease. Point II is denied.

*Point III—Is K.O. a Real Party in Interest?*

Similar to Point II, Defendant's third point also focuses on K.O.'s status as an agent of the owner. Specifically, Defendant alleges the trial court erred in denying Defendant's motion to dismiss for lack of jurisdiction because K.O. was not the real party in interest. Defendant claims that the petition should have been dismissed because K.O. did not own the leased premises, yet filed the petition for rent and possession in its own name as an individual, and not in any representative capacity.

We resolve this point by first looking to the applicable statute. Actions seeking to recover possession in a landlord-tenant dispute are governed by Section 535.020, which states:

> Whenever any rent has become due and payable, and payment has been demanded *by the landlord or the landlord's agent* from the lessee or person occupying the premises, and payment thereof has not been made, *the landlord or agent* may file a statement, verified by affidavit, with any associate circuit judge in the county in which the property is situated, . . .

Section 535.020 (emphasis added).

 The failure of Chapter 535 to define the term "landlord" has provided fodder for both parties in their attempt to define the term in a manner most advantageous to their position.[4] Our resolution of this point is not confined to the definition

of "landlord" because Section 535.020 also provides the right to sue for rent and possession to the landlord's agent. Whether K.O. is deemed the landlord or landlord's agent, K.O. has the authority under Section 535.020 to proceed with an action for rent and possession against Defendant. The question remaining is whether K.O.'s failure to disclose the agency relationship in its petition is fatal to its action against Defendant. We find that, under well established principles of law recognized by this Court, it is not.

 An agent of an undisclosed principal has been described by this Court in *Sheppard v. East* as one who is also a party to the contract in which he enters and has the right to enforce the contract:

> An agent for another who enters into a contract without disclosing the fact of his or her agency, or who discloses his or her agency status without disclosing the identity of the principal, is considered an agent for an undisclosed principal. An agent who contracts in his or her own name for an undisclosed principal is a party to the contract and is personally liable on the contract.... *That agent also has the corresponding right to enforce the contract.*

192 S.W.3d 518, 524 (Mo.App. E.D.2006) (emphasis added) (internal citations omitted).

As discussed in our analysis of Point II of this appeal, President's uncontroverted testimony provided substantial evidence on the record that K.O. was the agent for the owner of the property. Thus, the trial court amended the judgment to conform to such evidence regarding K.O.'s agency.

---

4. Defendant argues that the appropriate definition for "landlord" is "the owner of property rented or leased to another," found in the *Merriam–Webster Dictionary*, whereas K.O. argues that the appropriate definition for "landlord" is, "He who grants a lease. One who rents property to another. In the case of real estate, the lessor is also known as the landlord," from *Black's Law Dictionary* (6th ed.1990).

The evidence also shows that K.O. is identified in the lease as the lessor, and is the party to whom all payments were made. Defendant admitted that he signed the lease with K.O. through its President. Defendant also testified that all of his "dealings were with [President]," President was the only person he dealt with related to the property, and that Defendant saw President about once a month. K.O.'s failure to disclose its agency relationship with the property owner to Defendant does not preclude K.O. from suing under the contract in an individual capacity, because as the agent of an undisclosed principal, K.O. became both personally liable and entrusted with the right to enforce the lease agreement contract with Defendant. *Id.* Accordingly, K.O. had standing to bring suit against the lessee, Defendant, when Defendant failed to fulfill his payment obligations on the contract.

Point III is denied.

*Point IV—Issues Identified in Pleadings*

In his fourth point, Defendant argues that that trial court erred by entering a judgment that was based on issues contrary to the pleadings. Defendant's argument is based upon K.O.'s assertion at trial that it acted in its capacity as the agent for the property owner even though K.O.'s pleadings allege K.O. was the owner of the Subject Property, and make no mention of any agency relationship. Defendant argues that K.O. was allowed to testify to the agency relationship over its objections, and that the trial court's judgment now rests upon this impermissible deviation from the pleadings. We disagree.

■ K.O. characterizes this point as one alleging K.O.'s lack of capacity to maintain this action. As distinguished from the argument that a plaintiff lacks standing, "[t]he contention that the plaintiff lacks legal capacity to sue is a defense and is waived if not pleaded or raised by

motion." *Boatmen's First Nat'l Bank of Kansas City v. Roofco Sys., Inc.,* 852 S.W.2d 402, 404 (Mo.App. W.D.1993), *citing* Rule 55.27(a)(9) and 55.27(g)(1). Because Defendant did not plead a lack of capacity as an affirmative defense, nor raise it in a motion before the trial court, K.O. argues Defendant has waived such defense. Although we are not persuaded by K.O.'s argument that Defendant argues K.O.'s lack of capacity in this point, the record nevertheless fails to support Defendant's claim for relief.

■ The trial court admitted evidence of the agency relationship between K.O. and the property owner. A trial court has broad discretion to admit or exclude evidence, and we presume that a ruling within the trial court's discretion is correct. *Gallagher v. DaimlerChrysler Corp.,* 238 S.W.3d 157, 166 (Mo.App. E.D. 2007). Whether K.O.'s actions were taken as the owner of the Subject Property or as the agent of the owner has no relevance to Defendant's defense of the claim for rent and possession. There is evidence that K.O. never identified itself as the owner of the property, but only as the lessor. Defendant had notice on the day he signed the lease that K.O. was the lessor. K.O. signed the lease as lessor. The lease was attached as part of the pleadings. While Defendant reasonably may have believed that K.O. was also the owner of the property given the lease language in Paragraph 21.6, whether K.O. was suing him as owner or agent of the owner did not affect Defendant's liability. Defendant testified that he signed the lease and performed under the lease from 2006 to part of 2008. Given the entirety of the facts before us as evidenced by the record, we do not find that the judgment entered by the trial court varied from the pleadings. Defendant's Point IV is denied.

*Point V—Final Judgment*

Defendant alleges in his fifth point that the trial court erred in entering a second judgment without vacating the prior judgment. We disagree.

Missouri Supreme Court Rule 75.01 provides that:

the trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time. Not later than thirty days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and every order granting a new trial shall specify the grounds therefor. After the filing of notice of appeal and before the filing of the record on appeal in the appellate court, the trial court, after the expiration of such thirty-day period, may still vacate, amend or modify its judgment upon stipulation of the parties accompanied by a withdrawal of the appeal.

 Rule 75.01 gives the trial court inherent power to amend a judgment upon a finding of good cause during the thirty-day period after entry of judgment. *Gill Constr., Inc. v. 18th & Vine Auth.,* 157 S.W.3d 699, 711–12 (Mo.App. W.D.2004). The trial court is vested with "considerable discretion in ruling on a motion to amend judgment, and the court of appeals will not reverse a [trial] court's decision on a motion to amend judgment unless there is an abuse of discretion." *Id.*

 Defendant argues that there cannot be two final judgments in an action. *State ex rel. Berbiglia v. Randall,* 423 S.W.2d 765, 769 (Mo. banc 1968) (entry of second judgment in case without vacating first had effect of improperly leaving cause with two judgments). *Randall* is inapposite because the trial court entered its first judgment on August 4, 1966, and more than five months later entered a subsequent judgment which altered or changed the first. *Id.* at 766. While the appeal from the August 1966 judgment was pending, the trial court, over plaintiff's objections, entered a second judgment on January 17, 1967. *Id.* The Missouri Supreme Court found that the trial court improperly exceeded its jurisdiction in entering the second judgment, and held the second judgment void. *Id.* at 770.

Here, we confront a substantially different situation. Both K.O. and Defendant filed motions to amend the judgment within days after the first judgment was entered, and prior to the entry of the September 12, 2008 Final Order and Judgment. Defendant himself raised the issue of whether K.O. was deemed the owner of the Subject Property as opposed to the agent for the property owner, and the trial court deemed it proper to amend the judgment to clarify that K.O. acted in its capacity as agent for the owner of the Subject Property. The judgments may be read together without difficulty. Thus, having the authority under Rule 75.01 to amend the original judgment within the thirty-day time period, the trial court did not abuse its discretion when it entered the September 12, 2008 Final Order and Judgment.

Point V is denied.

*Point VI—Alleged Amount of Past–Due Rent*

 In his sixth and final point, Defendant alleges the trial court erred by not specifying the amount due for rent and the balance due for the other charges because its judgment did not conform to the requirements of Section 535.020. Defendant claims that the trial court wrongfully de-

prived him of his statutory right to retain possession by paying the rent due irrespective of the other charges. We find Defendant's claim to be without merit.

K.O.'s Amended Petition alleges that Defendant "entered into a [five]–year lease and is obligated to pay $44,880.00 per year for years 2007 and 2008 (in installments of $3,740 per month) for the rental of the Premises," and that Defendant was in breach of his rental obligations covered by the lease and "in arrears in the amount of $24,800.54 [and as] for rent, late charges, real estate taxes, insurance payments, and other costs through May, 2008, with additional rent, late charges, and other costs continuing to accrue during the pendency of this action." Defendant argues the arrears in rent should have been stated separately from arrears stemming from the other costs.

A similar argument was made to this Court in the case of *Mannion v. Khan, Inc.*, 992 S.W.2d 198 (Mo.App. E.D.1999), in which the landlord's affidavit and statement averred that the tenant owed an amount of rent and common area maintenance charges for a combined total, and only testified at trial that the calculated balance of rent due under the lease was $6,577.77. The tenant argued on appeal that the landlord's failure to state the exact amount of rent hindered its right under Section 535.040, RSMo (Cum.Supp. 1997) to retain possession of the premises by paying the rent due, with all costs, at any time before judgment was rendered. *Id.* at 199–200. The landlord testified at trial as to the exact balance due under the lease. *Id.* at 199. The Court noted that the tenant did not file a responsive pleading alleging it owed the landlord an amount different from that stated in the petition, and exhibited no intent to tender payment of the amount of rent due prior to judgment. *Id.* at 200. The Court found

that the discrepancy between the amount of rent alleged in the landlord's petition and the amount of the judgment did not prejudice any rights the tenant had to pay the amount of rent in arrears. *Id.*

Here, Defendant claims that K.O.'s failure to plead the specific amount of rent denied him due process of law and deprived the trial court of its jurisdiction. Defendant argues that *The Medve Group v. Sombright*, 163 S.W.3d 453 (Mo.App. E.D.2005), distinguished from *Mannion*, is instructive on those grounds. In *The Medve Group*, this Court was faced with a petition lacking the amount stated for rent as well as the time frame alleged for rent due because the plaintiff did not claim or produce any evidence at trial regarding periods and rent other than that alleged in the pleadings. This evidence of rent due outside of the time period pleaded was found "hindering not just the tenant's right to 'pay up' but more fundamentally, a right to prepare an adequate defense." *Id.* at 459 n. 5. The defendant in *The Medve Group* prepared a defense based upon the allegations pleaded and was "surprised and prejudiced when the trial court permitted Medve to adduce evidence of and recover amounts predating the time frame alleged." *Id.* at 459.

Here, however, K.O. testified at trial, based upon Exhibit B, the amounts due under the lease, which were within the 2007–2008 time period alleged in the Amended Petition. The exhibit segregated monthly rent from other amounts due. Additionally, Defendant not only acknowledged that no monthly rental payments had been made for more than six months during the alleged time period, but Defendant exhibited no intention to excuse his nonpayment except for a counterclaim alleging three counts of intentional interference with three separate contracts or "business expectancy." Defendant did not

request an accounting of the rent due or make any attempts or efforts toward payment of the past-rent due under Section 535.160.[5] The substantial evidence demonstrates that neither was Defendant denied due process of law, nor was the trial court deprived of its jurisdiction as Defendant argues here.

Point VI is denied.

### Conclusion

The judgment of the trial court is affirmed. K.O.'s Motion for Attorneys' Fees is granted.

GLENN A. NORTON, J., and
PATRICIA L. COHEN, J., Concur.

---

5. Section 535.160 provides that a defendant may tender to the landlord or the court where the suit is pending "all the rent then in arrears, and all the costs," so that further proceedings in the action are stayed.