Christopher KAVANAUGH,
Respondent,

v.

**Shari EALY, Appellant.**

**No. ED 96974.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 17, 2012.

Sarah K. Molina, St. Louis, MO, for Appellant.

C. Clifford Schwartz, Arnold, MO, for Respondent.

ROBERT G. DOWD, JR., Presiding Judge.

Shari Ealy ("Ealy") appeals from the judgment of the trial court awarding Christopher Kavanaugh ("Kavanaugh") $13,200 in past rent and $250 in property damages. Ealy argues the trial court erred in: (1) prohibiting Ealy from raising title to the property as a defense; (2) allowing Kavanaugh to bring this lawsuit because he was not a proper party; and

(3) awarding damages to Kavanaugh for damage to the property.[1] We affirm as modified.

In May or June of 2009, Kavanaugh and Ealy met and entered into a lease under which Ealy was renting certain property located at 5811 Pershing in the City of St. Louis. The lease commenced on July, 15, 2009, and Ealy was to pay $1,200 per month in rent. Shortly thereafter, Ealy failed to make her rent payment.

Kavanaugh filed a petition for rent and possession, damages, and/or an order to vacate premises. Kavanaugh alleged Ealy rented property belonging to him, failed to pay rent, and was delinquent to him in the amount of $14,400. Kavanaugh also alleged Ealy had damaged the property in an amount to be determined.

The trial court initially entered judgment in favor of Kavanaugh, ordering Ealy to turn over possession of the property and to pay $15,000 in back rent. Ealy then filed an application for trial de novo, but failed to post the appropriate bond and was evicted on September 28, 2010. Ealy also filed a motion to vacate judgment and to dismiss Kavanaugh's claims due to the failure of the real party in interest to bring and prosecute this action, failure to join all parties, and demand for excessive rent.

The trial court granted Ealy's application for trial de novo, but denied her motion to vacate and dismiss Kavanaugh's claims.

After the trial de novo, the trial court entered its order and judgment. The trial court found a lease existed between Kavanaugh and Ealy for the property. Further, it found the terms of the lease included a sixty-day tenancy, a rental payment of $1200 per month, and no pets allowed. Ealy made one rent payment of $1200 for July 15 to August 15, 2009. The trial court also found the fair market value of

the property after the expiration of the sixty-day tenancy was $1,000 per month. In addition, the court found Kavanaugh did not meet his burden to prove there were damages to the property, except for $250 in damages to the front door. The trial court also rejected Ealy's argument that Kavanaugh was not entitled to rent because he was the representative of Larry and Mary Ann Ferguson, who did not own the property. Finally, the trial court awarded Kavanaugh a total of $13,450 in damages ($13,200 for rent and $250 for damages to the front door).

Ealy then filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, arguing, among other things, that Kavanaugh was not a proper party and Kavanaugh's alleged principals, the Fergusons, do not own the property. This motion was denied, and this appeal follows.

■ In a court-tried case, appellate review is governed by Rule 84.13(d) and the principles articulated in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). *Wedgewood Square Center Ltd. Partnership v. Stewart Title Guar. Co.,* 347 S.W.3d 582, 585 (Mo.App. S.D.2011). Accordingly, the judgment must be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

■ In her first point, Ealy argues the trial court erred in prohibiting Ealy from raising title to the property as a defense because that rule does not apply to rent and property damage actions where possession is not at issue in that the prohibition against challenging title appears only in the statute authorizing unlawful detainer actions and not in the statute authoriz-

---

1. We note that Kavanaugh did not file a brief in this case.

ing actions to simply recover rent. We disagree.

Initially, we note this is not an unlawful detainer action. Kavanaugh did not plead for relief under Chapter 534, nor is there any evidence he fulfilled the statutory requirements to file an unlawful detainer action. Thus, the remaining question is whether this cause of action was filed under Chapter 535 or 441.

Ealy contends this case is merely a suit for rent under Section 441.200. In support of her argument, Ealy argues Kavanaugh's attorney testified at trial he agreed "that possession was not an issue, and that 'this is strictly a damages issue.'" Ealy further maintains Kavanaugh's suit did not pray for possession, and instead only sought money damages for rent and property damage. Ealy also notes the trial court awarded Kavanaugh money for damages to property when such relief is not available under Chapter 535.[2]

However, we first note the actual testimony at trial was as follows:

[The Court]: All right. Do we have any pretrial matters on this? As I understand it, possession is no longer an issue in this case; is that correct?

[Kavanaugh's attorney]: Correct.

[The Court]: So, this is strictly a damages issue, I believe. Is there a counterclaim?

[Ealy's attorney]: No, your honor.

Thus, the court only noted possession was "no longer an issue," not that it was never an issue. The reason for that statement is Kavanaugh filed his initial petition and obtained a judgment for possession and for $15,000 in back rent. Ealy subsequently filed an application for trial de novo, which was granted, but she failed to post the appropriate bond and was evicted September 28, 2010. Therefore, by the time the trial de novo began, Kavanaugh had obtained possession of the property. However, this fact does not automatically remove this proceeding from Chapter 535, where possession is an issue, and place it under Chapter 441, where only rent is at issue.

■ The purpose of pleadings is to "present, define, and isolate the issues, so that the trial court and all parties have notice of the issues." *K.O. Real Estate, LLC v. O'Toole,* 291 S.W.3d 780, 789 (Mo. App. E.D.2009). However, the character of a cause of action must be determined from the facts stated in the petition and not by the prayer or the name given to the action by the pleader. *Id.*

In this case, Kavanaugh's petition alleged, among facts regarding Ealy's refusal to pay rent and the alleged damage she inflicted on the property, that "[Kavanaugh] has made demand, both written and verbal, that [Ealy] vacate the premises." We also note the trial court stated in its judgment that this was a case concerning rent and possession. Based on these facts, we conclude Kavanaugh's initial claim involved claims for rent, possession, and damages. As a result of all of the above factors, we find this case falls under the statutory scheme of Chapter 535.

Thus, we now turn to the core question of whether the trial court erred in prohibiting Ealy from raising title to the property as a defense to her action under Chapter 535.

Section 535.010 provides: "In all cases in which lands and tenements are or shall be rented or leased, and default shall be made in the payment of the rents at the time or times agreed upon by the parties, it shall be lawful for the landlord to dispossess the tenant and all subtenants and recover possession of the premises rented or leased, in the manner herein provided."

Section 535.020 provides:

---

2. We will address this argument in our discussion of Ealy's third point.

Whenever any rent has become due and payable, and payment has been demanded by the landlord or the landlord's agent from the lessee or person occupying the premises, and payment thereof has not been made, the landlord or agent may file a statement, verified by affidavit, with any associate circuit judge in the county in which the property is situated, setting forth the terms on which such property was rented, and the amount of rent actually due to such landlord; that the rent has been demanded from the tenant, lessee or person occupying the premises, and that payment has not been made, and substantially describing the property rented or leased ... The landlord or agent may, in such an action for unpaid rent, join a claim for any other unpaid sums, other than property damages....

As can be seen, there is no clear statutory prohibition regarding raising title to the property as a defense. The trial court relied on *Renshaw v. Reynolds*, 317 Mo. 484, 297 S.W. 374 (1927), *Capelli v. Bennett*, 357 Mo. 421, 209 S.W.2d 109 (1948), and *Davis v. Bradford*, 308 S.W.2d 363, (Mo.App.1957) for the proposition that a tenant is estopped from denying a landlord's title in a rent and possession case.

We find the reasoning and factual situation of *Renshaw* most similar to our case. The *Renshaw* case involved a suit where the plaintiff obtained a judgment for rent and possession and the defendant wanted to introduce evidence to show "the deed under which plaintiff had claimed title to the leased land had been canceled, and plaintiff's title extinguished by a judgment of the circuit court ... and he was thereby divested of all right, title, and interest in the real estate involved in this suit." *Renshaw*, 297 S.W. at 375. The court found

> [t]he offer of the defendant in this case was not to show the expiration or mere extinguishment, since the creation of the relation of landlord and tenant, of title which the landlord had, at the time that relation was created. What defendant proposed by his offer was to show a superior or paramount title in other persons as against the landlord. Defendant did not offer to show that he had been evicted either actually or constructively under this paramount title. He did not claim that he had attorned or attempted to attorn to the holders of this paramount title, in consequence of the decree rendered in their favor and against the plaintiff in this suit. He remained in undisturbed possession under the relation, created by the lease and by his possession under it, and he did not see fit to break that relation. If he had surrendered the premises with the consent of the plaintiff, or had been evicted by the persons establishing title paramount and adverse to the plaintiff, or, "pursuant to or in consequence" of the decree in question, in good faith had attorned to the persons decreed to hold title paramount to that of the plaintiff, he would be in a situation vitally different.

Thus, the present case is similar in that Ealy is also attempting to show a superior or paramount title in other persons as against the landlord. However, in this case Ealy did not remain in possession during the trial de novo, unlike the defendant in *Renshaw*. Ealy's eviction was for failing to post the appropriate bond when she filed her application for trial de novo. Thus, Ealy's vacation of the premises had nothing to do with any action by Kavanaugh or any other alleged holders of title to the property. In fact, had she posted the bond, she could have remained in the property until the conclusion of the trial, which would have made this situation identical to that in *Renshaw*, where the court found the defendant was estopped from denying the landlord's title. The fact that

Ealy had been evicted by the time of trial does not make this case materially different from *Renshaw* because the reason for the eviction was unrelated to the questions surrounding the title.

Therefore, we find similarly that Ealy was estopped from challenging Kavanaugh's title in this proceeding. The trial court did not err in prohibiting Ealy from raising title to the property as a defense. Point denied.

■ In her second point, Ealy argues the trial court erred in allowing Kavanaugh to bring this lawsuit because he was not a proper party because he sued in his individual capacity and obtained a judgment in his own name, but was neither the landlord nor acting on behalf of an undisclosed principal. We disagree.

As noted above, Section 535.020 [3] provides:

> Whenever any rent has become due and payable, and payment has been demanded by the landlord or the landlord's agent from the lessee or person occupying the premises, and payment thereof has not been made, the landlord or agent may file a statement, verified by affidavit, with any associate circuit judge in the county in which the property is situated, . . .

In the landlord-tenant context, only three types of plaintiffs can bring a suit for rent: (1) the landlord; (2) his agent in a representative capacity on behalf of the landlord; or (3) under the rent and possession statute, an agent who acts for an undisclosed principal, and is thus personally liable under the lease. Section 535.020; *McLendon v. Leighty*, 320 S.W.2d 735, 736 (Mo.App.1959); *K.O. Real Estate, LLC v. O'Toole*, 291 S.W.3d 780, 791 (Mo.App. E.D.2009).

■ We find Kavanaugh was able to proceed under the third scenario, as an agent acting for an undisclosed principal. An agent for another who enters into a contract without disclosing the fact of his or her agency, or who discloses his or her agency status without disclosing the identity of the principal, is considered an agent for an undisclosed principal. *K.O. Real Estate, LLC v. O'Toole*, 291 S.W.3d 780, 791 (Mo.App. E.D.2009); *quoting Sheppard v. East* 192 S.W.3d 518, 524 (Mo.App. E.D.2006). An agent who contracts in his or her own name for an undisclosed principal is a party to the contract and is personally liable on the contract and that agent also has the corresponding right to enforce the contract. *Id.*

The record shows the lease identified Kavanaugh as the lessor and all payments were made to him. Further, the record makes clear that the only person Ealy dealt with was Kavanaugh, and Ealy signed the lease with Kavanaugh.

As in *K.O. Real Estate, LLC,* Kavanaugh's failure to disclose his agency relationship with the property owner to Ealy does not preclude Kavanaugh from suing under the contract in his individual capacity because as the agent of an undisclosed principal, Kavanaugh became both personally liable and entrusted with the right to enforce the lease agreement with Ealy. *See K.O. Real Estate, LLC,* 291 S.W.3d at 791.

Therefore, the trial court did not err in allowing Kavanaugh to bring this lawsuit. Point denied.

■ In her third point, Ealy argues if we alternatively determine this lawsuit is for rent and possession, the trial court erred in awarding damages to Kavanaugh for damage to the property because such an award would be improper under the rent and possession statute.

---

3. All further statutory references are to RSMo 2000.

We have already determined this suit was for rent and possession. Moreover, as noted above, Section 535.020, the rent and possession statute, provides, in pertinent part, "[t]he landlord or agent may, in such an action for unpaid rent, join a claim for any other unpaid sums, other than property damages." Thus, by the clear terms of this statute, Kavanaugh was not permitted to join a claim for damages to the property.

Therefore, the trial court erred in awarding damages to Kavanaugh for damage to the property. Point granted.

As a result, we hereby modify the trial court's judgment by removing the award of $250 for damages to the front door. The judgment is affirmed as modified.

MARY K. HOFF, J. and SHERRI B. SULLIVAN, J., concur.