**THE MEDVE GROUP, Respondent,**

v.

**Elaine D. SOMBRIGHT, Appellant.**

**No. ED 84034.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 29, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 16, 2005.

Drew C. Baebler, St. Louis, MO, for appellant.

Katharyn B. Davis, St. Louis, MO, for respondent.

PATRICIA L. COHEN, Presiding Judge.

### Introduction

Elaine Sombright appeals a judgment of the Circuit Court of St. Louis County awarding The Medve Group $3,061.05 in unpaid rent and other charges, and possession of the rental property. On appeal, Ms. Sombright contends that the trial court erred when it permitted Medve to seek recovery based on time periods that predated the time period identified in its Affidavit and Petition for Rent and Possession ("the Petition"). More specifically, Ms. Sombright argues that, when the trial court permitted Medve to try the cause upon allegations not appearing in the Petition, she was unfairly surprised and denied an opportunity to adequately prepare for trial. We reverse.

### Standard of Review

We review this case in accordance with the well-settled principles of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id.* at 32.

### Background

In 2000, Ms. Sombright entered into a written lease with Natural Bridge Holding for rental of a house located at 8891 Romona in St. Louis County, Missouri. On De-

cember 2, 2003, Medve, owner of Natural Bridge Holding, filed its Petition under Chapter 535 R.S.Mo 2000,[1] seeking $3,132.55 in unpaid rent for the "period July 1 to November 30, 2003," and for other charges in the amount of $150.00, for a total amount due of $3,282.55. Ms. Sombright filed an Answer, denying the allegations in Medve's Petition and stating, *inter alia,* that she had paid all rent owed from July 1 through November 30, 2003, as well as through the time of her Answer. Ms. Sombright also filed a counterclaim for damages, alleging breach of the warranty of habitability and quiet enjoyment and defamation.

The parties tried the matter on January 8, 2004. Medve's manager, its only witness at trial, testified that Ms. Sombright did not pay rent for May and June 2003 and "had a balance, but this balance accrued for month [sic] from an incident...." In addition, Medve's manager did not specify the month or year from which the "balance" owed. Medve's manager relied on a ledger containing Ms. Sombright's account history in support of her testimony that Ms. Sombright owed a balance from 2002 and rent for May and June 2003.

On cross-examination, Ms. Sombright's counsel asked Medve's manager "there's nothing in ... that you're claiming here, about rent due prior to July of '03 in the claim, is there?" Medve's counsel objected to the question, stating "the statute says that the Court makes the determination as of the date of court what is due and owing ...," and further that, "the rent and possession statute says that what we pled doesn't matter." In response, Ms. Som-

---

1. All citations to the Revised Statutes of Missouri ("R.S.Mo") are to R.S.Mo 2000 unless otherwise specified.

bright's counsel objected "to any evidence about what's due and owing, other than what's pleaded in this case," explaining that Ms. Sombright "prepared a defense based upon what the allegations are."

On further cross-examination, Medve's manager clarified the months and amounts that Medve claimed to be due and owing at trial. Medve's manager testified that Ms. Sombright owed a balance of $1,046.05 for "at least a month and half [sic]" in 2002 "because of an incident" and $1,420.00 for May and June 2003, plus an additional $400.00 in late fees. Medve asked the trial court to award it these amounts, plus court costs and attorney's fees.

In her defense, Ms. Sombright testified that she paid her rent from the middle of 2002 until the end of 2002 and, likewise, from January 2003 through January 2004. Ms. Sombright offered evidence in the form of canceled checks to verify that she paid her rent for the time period alleged in the Petition, but not for the months Medve asserted for the first time at trial.

The trial court found in favor of Medve, awarding it damages of $3,061.05 and possession of the property at 8891 Romona. The trial court denied Ms. Sombright's Counterclaim.[2] This appeal followed.

### Discussion

In her sole point on appeal, Ms. Sombright contends that the trial court erred in allowing Medve to adduce evidence of unpaid rent and other sums accruing during time periods prior to the period pleaded in its Petition and for basing its judgment on those time periods. More specifically, Ms. Sombright alleges she was unfairly surprised by this evidence and materially prejudiced in that she was denied an opportunity to prepare a defense.

In response, Medve asserts that the trial court's judgment can be reconciled with its Petition. It claims that "[i]nterpreting the facts in light of the judgment, it is supportable, in fact logical, to conclude that the Trial Court determined the monies that were paid by [Ms. Sombright] in July and August, 2003, were applied to prior amounts due...." Alternatively, Medve asserts that it is not bound by its pleadings because: (1) under the landlord-tenant statute the trial court "shall determine the amount due on the day of trial as of the day of trial ..." and (2) Section 517.031 R.S.Mo 2000 requires only informal pleadings in the associate circuit division.

We agree with Ms. Sombright that the trial court's judgment in favor of Medve was improperly based on facts that Medve did not plead. The purpose of pleadings is to "present, define, and isolate the issues, so that the trial court and all parties have notice of the issues." *Norman v. Wright*, 100 S.W.3d 783, 786 (Mo. banc 2003). It is well-settled that "one may not plead one state of facts and theory and to the unprepared surprise of his adversary recover on another and different theory and state of facts." *Faught v. St. Louis-San Francisco Ry. Co.*, 325 S.W.2d 776, 781 (Mo.1959). Further, "a judgment which is based upon issues not made by the pleadings is *coram non judice* and void." *Rouse Co. of Mo., Inc. v. Justin's Inc.*, 883 S.W.2d 525 (Mo.App. E.D.1994) (trial court's judgment awarding landlord possession of the premises was void where petition only sought delinquent rent).

A review of Medve's Petition reveals that the issue for trial was whether Ms. Sombright owed "rent for the period of July 1 to November 30, 2003[,]" plus additional charges relevant to that time period. The Petition provides in relevant part:

---

**2.** Ms. Sombright does not challenge the trial   court's denial of her counterclaim on appeal.

COMES NOW affiant, Katharyn B. Davis, and states under oath that the above Defendant rents and occupies, as tenant or lessee of the Plaintiff, the premises situated in the County of St. Louis, Missouri described and known as 8891 Ramona and said property was rented to the Defendant by the month or under the terms of the lease, payable monthly in advance or on a date set out in the lease agreement, at the rate of $645.00 per month; that *the sum of $3132.55 is now actually due for said rent for the period of July 1 to November 30, 2003*; that the sum of $150.00 is now due for other charges; that the total amount due is $3282.55; that the same has been demanded from the Defendant, and that payment has not been made.

(Emphasis added). At trial, however, Medve did not claim or produce any evidence establishing that Ms. Sombright owed rent for the months alleged in its Petition. Rather, Medve's witness stated that Ms. Sombright owed a balance of $1,046.05 for "at least a month and half [sic]" in 2002 "because of an incident" and $1,420.00 for May and June 2003, plus an additional $400.00 in late fees.

■ While Rule 55.33(b)[3] allows a party to amend the pleadings to conform to the evidence at trial if an issue not raised by the pleadings is tried by the

parties' express or implied consent, *see UT Communications Credit Corp. v. Resort Dev. Inc.*, 861 S.W.2d 699, 706 (Mo.App. E.D.1993), the trial record reveals that Ms. Sombright's attorney objected to "any evidence about what's due and owing, other than what's pleaded in this case." Ms. Sombright, thus, did not impliedly consent to an amendment of the Petition.[4] Moreover, Medve did not move to amend in accordance with Rule 55.33(b), and the trial court did not amend the pleadings on its own motion. As such, the trial court was limited to the facts and issues raised in the pleadings and was without authority to find in favor of Medve on the grounds that Ms. Sombright failed to pay rent for periods in 2002 or May and June 2003. *See Faught*, 325 S.W.2d at 781; *UT Communications Credit*, 861 S.W.2d at 707.

■ Medve argues that it is logical to conclude that the trial court simply determined the monies that were paid in July and August, 2003 were applied to prior amounts due. There is no evidence in the record to either support such a conclusion or draw such an inference. While Medve's manager testified generally that "[w]hen [Sombright] paid it would go towards back rent," the following exchange illustrates that, at trial, Medve sought rent for an unidentified period in 2002 and May and June 2003—rather than the months it pleaded in the Petition:

---

**3.** The Rules of Civil Procedure apply to actions pending in the associate circuit division, unless otherwise provided by law. Sections 517.011.1(3) and 517.021; *see also* Rule 41.01(d). Rule 55.33(b), accordingly, applies in this case.

**4.** Medve asserts that Ms. Sombright's counsel did not object when it introduced a ledger of her account history into evidence. To the extent Medve suggests that by not objecting to the ledger Ms. Sombright impliedly consented to Medve's seeking back rent for periods set forth in the ledger but not in its Petition,

Medve is mistaken. The doctrine of trial by implied consent provides that issues not raised by the pleadings may be determined by the trial court when evidence is offered, without objection, bearing *solely* on that issue. *City of St. Joseph, Missouri v. St. Joseph Riverboat Partners*, 141 S.W.3d 513 (Mo.App. W.D. 2004) (emphasis added). Here, the trial record shows that the ledger also contained information regarding Ms. Sombright's account history for the period July 2003 through November 2003, the time frame alleged in the Petition.

The Court: And what was that balance?

The Witness: The end of 2002?

The Court: Right.

The Witness: $1,046.05

* * *

The Court: Okay. Now for May 2003, what was the amount—the amount of rent?

The Witness: From—

The Court: No. Just—You said she owed for May 2003, that's how much.

The Witness: Oh. May 2003. What is the rental amount?

The Court: Right.

The Witness: The rental amount was this—

The Court: That she did not pay was what?

[Counsel for Medve]: 635.

The Witness: 635, no, plus the 75.

The Court: The amount is how much?

The Witness: 635 plus the month-to-month 75.

The Court: Okay. So, then if I add up 635 times two equals—that's 1,270. Is that right? 635—

* * *

[Counsel for Sombright]: Yes, Judge.

The Court:—time [sic] two. And then if I add the $75 times two, that's what, 150?

[Counsel for Medve] 150.

The Court: So that's a total of 1,420. Then you want me·to go back and add the 1,046, right?

[Counsel for Medve]: Correct. . . .

* * *

[Counsel for Medve]: And then, if the Court wants to consider that, because she didn't pay late charges kept accumulating every month.

* * *

[Counsel for Medve]: If we took the late charges from May of last year, that would be eight months of late charges, so that would be $400.

▮ We are likewise not persuaded by Medve's argument that it is excused from the· above well-settled pleading requirements by the language of Section 535.040, which provides for the trial court to "render judgment that the landlord recover . . . the debt for the amount of the rent *then due*." (Emphasis added). Based ·on this language, Medve contends that it is irrelevant what time period or amounts of rent due are pleaded in its Petition, because it is entitled to recover whatever amount of rent is due from whatever period of time it chooses on the day of trial.

We disagree with Medve's unwarranted expansion of Section 535.040. Medve's interpretation renders the content of the petition in a rent and possession case meaningless. Under Medve's argument, it can plead any time period in its Petition and recover, even if the time period pleaded is ultimately unsupported by the evidence. Moreover, such an interpretation is inconsistent with the language of both Sections 535.020 and 535.040. Section 535.020 requires the landlord to file a statement verified by affidavit, setting forth the "amount of rent actually due" and "that the rent has been demanded." Section 535.040 requires a judge to render judgment for the "amount of the rent then due," i.e. rent due to the date of judgment. *See Farinella v. Croft*, 922 S.W.2d 755, 756 (Mo. banc 1996).

Reading the above two statutes in harmony, it is clear that the legislature intended rent and possession actions to be "open-ended." *See Id.* The·open-ended nature of a rent and possession action allows a landlord to avoid filing successive petitions for amounts of rent due between the time of the filing of the initial petition and

the date of judgment. Because it is unlikely that a landlord can predict when the case will be tried, the landlord may not know at the time the petition is filed the exact amount of rent due to the date of judgment[5]. However, the same lack of knowledge is not present with respect to facts in existence as of the date the petition is filed. Accordingly, there is no rationale based on the relevant statutes that supports permitting Medve to present evidence of rent due outside the time period pleaded, other than amounts that accrued during the pendency of the action.

■ Finally, contrary to Medve's argument, Section 517.031 does not provide a basis for Medve to recover rent due prior to the time frame identified in its Petition. To the contrary, Section 517.031 supports Ms. Sombright's contentions herein. Section 517.031.1 provides that the petition must contain *"the facts upon which the claim is founded."* (Emphasis added). In addition, Section 517.031 requires a petition be "sufficient to advise the defendant of the nature of the action...." *Pemiscot County Memorial Hosp. v. Bell*, 770 S.W.2d 499, 502 (Mo.App. S.D.1989). Here, Medve failed to comply with Section 517.031 when it pleaded one set of facts in its Petition and tried its action on another. As a result, Ms. Sombright, who prepared a defense based upon the allegations pleaded in Medve's Petition, was surprised and prejudiced when the trial court permitted Medve to adduce evidence of and recover amounts predating the time frame alleged in its Petition. Point granted.

Accordingly, we reverse.

### Conclusion

The trial court's judgment in favor of Medve is reversed.

KATHIANNE KNAUP CRANE and ROBERT G. DOWD, JR., JJ., Concur.

---

5. We previously have held that because, pursuant to Section 535.160, a tenant may pay the rent and arrears on either the judgment date or after the date of the original trial and before any trial *de novo*, a landlord is not required to state the exact amount of rent due in the affidavit and statement required by Section 535.020. *Mannion v. K. Khan, Inc.*, 992 S.W.2d 198, 200 (Mo.App. E.D.1999). Unlike this case, however, *Mannion* addressed the relationship between Section 535.020 and Section 535.160, and in particular, whether failure to state an exact amount of rent due hindered the tenant's statutory right to "pay up the rent due." *Id.* at 200. Because a tenant may "pay up" even after the date "the money judgment is given," the tenant's right to take action to retain the premises is preserved in the absence of an exact amount in the statement and affidavit. *Id.* Here, however, we are faced with a complete abandonment of not only the amount stated in the statement and affidavit but also the time frame alleged for the rent due, hindering not just the tenant's right to "pay up" but more fundamentally, a right to prepare an adequate defense.