

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| GERMANIA STREET, LLC, | ) | No. ED102504 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Calea F. Stovall-Reid |
| SHRAMMAR JACKSON, | ) | |
| | ) | |
| Appellant. | ) | Filed: April 26, 2016 |

**Introduction**

Shrammar Jackson (Appellant) appeals the judgment of the Circuit Court of the City of St. Louis finding in favor of Germania Street, LLC (Respondent). On appeal, Appellant argues that the trial court erred by allowing Respondent to amend its petition during trial to include allegations of unpaid utilities. We amend the trial court's judgment to reduce the award of damages and affirm on all other points.

**Factual Background**

Appellant signed a lease contract and addendum (the Lease) to rent an apartment from Respondent. The Lease required Appellant to pay $524 per month in rent and a pro-rata share of the apartment complex's utility charges. Respondent billed Appellant directly for the utility charges. The Lease stated the utility charges were due with the rent on the first day of each month, and Respondent could return the rent to Appellant if the utility payment was not paid

with the rent. Pursuant to Section 4.1 of the Lease, Appellant incurred a $25 late fee if he failed to pay rent by the sixth day of the month. Appellant incurred an additional $25 late fee if he failed to pay the rent by the thirteenth day of the month. Pursuant to Section 4 of the Lease, Appellant agreed to pay "reasonable attorney fees, court costs and/or collection costs incurred by landlord in connection with enforcing any provisions of [the Lease], including but not limited to the collection of rent and other charges." Under Section 4.7, Appellant agreed to pay for electricity, water, trash and other utilities. Under Section 6.2, one of the listed conditions of default was failure to pay "rent and other amounts" owed. If Appellant defaulted, Respondent could evict Appellant after he received notice of his default pursuant to Section 6.4.

Appellant failed to pay rent and his share of the utility charges, and Respondent sent him multiple notices of his default under the Lease. One notice, dated October 7, 2014, warned Appellant that he was "in default under the rental agreement in the *aggregate amount* of $555.56." (Emphasis added). Respondent sued Appellant for rent and possession after Appellant failed to cure his default. In its petition, Respondent alleged that Appellant owed $905.56 dollars in rent and requested that its attorney's fees and late fees be assessed against Appellant. Respondent did not make any allegations regarding unpaid utilities.

At trial, Respondent's property manager, Vickie Navarrett, testified that Appellant owed $524 in unpaid rent, $825 in attorney's fees and $729 in unpaid utilities (for a total of $2,078). Appellant objected to Respondent's testimony regarding utilities, arguing that it went beyond the scope of Respondent's pleadings. The trial court overruled the objection. Appellant then tendered $525 to Respondent for the unpaid rent and argued that the case should be dismissed

because all the rent had been paid, and there were no claims of unpaid utilities in Respondent's petition.[1]

In response, Respondent moved to amend its petition to include "all charges that [were] due" from Appellant. Appellant objected, arguing that he would be prejudiced because he was not prepared to defend a claim regarding unpaid utilities. The trial court overruled Appellant's objection and granted Respondent's motion.

The trial court entered a judgment in favor of Respondent in the amount of $2,078.29. In entering the judgment, the trial court did not deduct the $525 that Appellant tendered to Respondent during the trial. In addition to its oral motion at trial, Respondent filed a post-trial written motion to amend its petition to include amounts owed by Appellant for "water, sewer, trash and utilities." The trial court granted the written motion. This appeal follows.

## Standard of Review

This Court must review both the law and the evidence when reviewing a case tried without a jury. Rule 84.13(d).[2] We will affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *K. O. Real Estate, LLC. V. O'Toole,* 291 S.W.3d 780, 788-89 (Mo. App. E.D. 2009); *Murphy v. Carron,* 536 S.W.3d 30, 32 (Mo. banc 1976).

The trial court is vested with broad discretion to grant leave to amend the pleadings at any stage of the proceedings, and we will not disturb its decision "absent an obvious and palpable abuse of discretion." *Tisch v. DST Systems, Inc.,* 368 S.W.3d 245, 257 (Mo. App. W.D. 2012)(quoting *Kenly v. J.E. Jones Constr. Co.,* 879 S.W.2d 494, 498 (Mo. App. E.D. 1994)).

---

[1] The record reflects that Respondent's attorney accepted the tendered rent, which was in the form of a money order. Appellant tendered the rent in an attempt to have the case dismissed pursuant to Mo. Rev. Stat. § 535.040.1. However, § 535.040.1 requires that the tenant tender payment for "all costs" along with the rent, which Appellant did not do.

[2] All references to Rules are to the Missouri Supreme Court Rules (2015).

**Analysis**

In a single point on appeal, Appellant argues the trial court erred both when it allowed Respondent to submit evidence of unpaid utilities and when it allowed Respondent to amend its pleadings to conform to the evidence.[3] Respondent contends that Appellant was not prejudiced by the amendment, and therefore the trial court did not err in admitting evidence of the unpaid utilities.

We first note that, pursuant to Rule 55.33(b), if evidence is objected to at trial on the ground that it is not within the scope of the pleadings, the court may allow the pleadings to be amended when "the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would cause prejudice in maintaining the action or defense upon the merits." Rule 55.33(b)

A non-moving party is not prejudiced by a motion for leave to amend unless that party is deprived of a legitimate claim or defense. *Wheeler ex rel. Wheeler v. Phenix*, 335 S.W.3d 504, 510 (Mo. App. S.D. 2011). To determine whether prejudice exists, the test "is whether additional proof or additional witnesses for which a party is not prepared would be required to meet the new allegations." *Id*. at 511 (quoting *Thompson v. Brown & Williamson Tobacco Corp.*, 207 S.W.3d 76, 114 (Mo. App. W.D. 2006)).

Respondent contends that only the parties themselves knew if Appellant paid his utilities, and therefore Appellant did not require any additional witnesses at trial. Appellant asserts that he was unprepared to meet the new allegations because he needed an opportunity to "investigate" the amounts he owed for his utilities.[4]

---

[3] We note that Appellant's point is multifarious. However, we are able to identify each of Appellant's arguments and will exercise our discretion to review Appellant's allegations. *See Castor v. State*, 245 S.W.3d 909, 914 n.6 (Mo. App. E.D. 2008).

[4] Appellant's counsel stated in oral argument that he never asked Appellant if he paid his utilities.

Appellant argues that the present case is "almost identical" to *The Medve Group v. Sombright,* 163 S.W.3d 453 (Mo. App. E.D. 2005). In that case, a landlord sued its tenant for rent and possession. *Id.* at 455. In its petition, the landlord alleged that the tenant owed unpaid rent for the "period July 1 to November 30, 2003." *Id.* at 456. However, at trial, the landlord did not produce any evidence that the tenant owed rent for the months alleged in the petition. *Id.* Instead, the landlord's witness stated that the tenant owed unpaid rent for May and June of 2003 and "at least a month and a half" from 2002. *Id.* The tenant objected to "any evidence about what's due and owing, other than what's pleaded in [the] case." Ultimately, the trial court awarded the landlord damages for the months of unpaid rent that were not alleged in the petition. *Id.*

On appeal, this Court reversed the trial court's judgment and held that the tenant was prejudiced when the trial court permitted the landlord to present evidence and recover amounts for unpaid rent that were outside of the timeframe alleged in the petition. *Id.* However, we noted that the landlord never moved to amend its petition in accordance with Rule 55.33(b), and the trial court did not amend on its own motion. *Id.* at 457. As a result, we concluded that "the trial court was limited to the facts and issues raised in the pleadings." *Id.*

In the present case, Respondent made a motion to amend its petition at trial in accordance with Rule 55.33(b), which the trial court granted. Therefore, unlike in *Medve,* the trial court was not bound by the facts and issues that were raised in the original petition. Accordingly, our reasoning in *Medve* does not apply to the present case.

Furthermore, we conclude that Appellant has failed to establish prejudice, because he has not demonstrated that he required new proof or witnesses to meet the allegations of unpaid utilities. Appellant was available to testify at trial regarding whether or not he paid his utilities.

5

If Appellant was unsure of whether he paid his utilities, Appellant could have requested a continuance at trial pursuant to Rule 55.33(b). Appellant argues he should have had the opportunity to review his records of utility payments prior to trial. However, Appellant does not claim these records would reveal any discrepancies between what he paid and what Respondent claimed he owed for utilities. Appellant further argues that he needed the opportunity to contact the utility companies to verify whether he incurred the charges that Respondent claimed he owed. Yet, pursuant to the Lease, Respondent charged Appellant a pro-rata share of the apartment complex's total utility bill. Therefore, contacting the utility companies would have proven fruitless, since those companies did not bill Appellant individually, but instead billed Respondent. Thus, because Appellant has failed to establish prejudice, we cannot say the trial court erred when it allowed Respondent to submit evidence of unpaid utilities or when it allowed Respondent to amend its petition to include new allegations of unpaid utilities.

Nonetheless, we conclude that the trial court plainly erred by failing to take into account the $525 that Appellant paid to Respondent during trial. Pursuant to Rule 84.13, "plain errors affecting substantial rights may be considered on appeal, even though not raised or preserved . . . when [this court] finds that manifest injustice or miscarriage of justice has resulted therefrom." Furthermore, Rule 84.14 allows this Court to enter the judgment that should have been entered by the trial court "in circumstances that indicate there is no further need for proceedings in the [trial] court." *Thomas v. Moore*, 410 S.W.3d 748, 759 (Mo. App. W.D. 2013) (citing *DeBaliviere Place Ass'n v. Veal,* 337 S.W.3d 670, 679 (Mo. banc 2011)). The trial court should have accounted for the $525 that Appellant paid to Respondent during the trial, and there is no indication that there is any need for further proceedings in the trial court. Accordingly, we reduce Respondent's damages by $525, for a total judgment of $1,553.29.

6

Both Appellant and Respondent filed motions for attorney's fees on appeal. In their motions, both parties cite to Section 4.10 of the Lease, which states, in relevant part, that "the prevailing party *may* recover from the non-prevailing party attorney's fees and litigation costs." (Emphasis added). The language of Section 4.10 uses the word "may" and is therefore discretionary. Both parties bear some responsibility for the status of this matter. Each party should be responsible for their own attorney's fees on appeal. We deny both motions for attorney's fees

## Conclusion

We amend the trial court's award of damages to $1,553.29 and affirm on all other points.

_____
Philip M. Hess, Presiding Judge

Gary M. Gaertner, Jr., J. and
Angela T. Quigless, J. concur.

7