

# Missouri Court of Appeals

## Southern District

### In Division

| | |
|---|---|
| ACLU OF MISSOURI,<br>and LUZ MARIA HENRIQUEZ, | ) |
| | ) |
| Appellants, | ) |
| | ) No. SD38122 |
| vs. | ) |
| | ) FILED: April 29, 2024 |
| MARIES COUNTY SHERIFF'S OFFICE, | ) |
| | ) |
| Respondent. | ) |

### APPEAL FROM THE CIRCUIT COURT OF MARIES COUNTY

Honorable John D. Beger, Judge

## VACATED AND REMANDED WITH INSTRUCTIONS

ACLU of Missouri and Luz Maria Henriquez (collectively referred to as "ACLU") appeal the decision of the Circuit Court of Maries County granting a motion to dismiss filed on behalf of the Defendant Maries County Sheriff's Office ("Sheriff's Office"). In two points on appeal, ACLU contends that (1) the trial court erred in determining that Sheriff's Office is not an entity that can sue and be sued under the Missouri Sunshine law, and (2) the trial court abused its discretion by denying ACLU leave to amend its petition to add the appropriate party defendant. Finding merit in point two, we vacate and remand with directions and do not reach point one.

## Factual Background and Procedural History

On August 21, 2020, ACLU filed a petition naming "Maries County Sheriff's Office" as a party defendant. The petition was served on a Maries County deputy sheriff and asserted that Sheriff's Office violated Missouri's Sunshine law under section 610.026[1] by failing to provide requested copies of documents relating to certain social media communications and policies enacted by Sheriff's Office. The petition was later served on Chris Heitman, the Maries County Sheriff ("Sheriff Heitman"), and an attorney for Sheriff's Office made a limited entry of appearance. In addition, ACLU took the deposition of Sheriff Heitman shortly after the petition was served on him.

ACLU moved for summary judgment, but Sheriff's Office filed a motion to dismiss the petition alleging that the Sheriff's Office was an entity that "cannot sue or be sued." In response, ACLU asserted that Sheriff's Office was an entity that could sue and be sued under the Sunshine law. ACLU further argued in the alternative that if Sheriff's Office was not an appropriate party to be sued, "the appropriate remedy is a simple substitution of the parties or an amendment of the petition" and the trial court "may order that [the Sheriff's name] be added pursuant to Rule 52.13 or by amendment of the petition." The trial court ruled that Sheriff's Office was not an entity that could sue or be sued. In response to ACLU's assertion that the trial court should grant leave to amend its petition, the trial court stated the following:

> [ACLU] also argues that, if the Court is inclined to grant [Sheriff's Office's] Motion to Dismiss it should allow the Sheriff's name to [be] added per the last sentence of Rule 52.13(d). The Court does not view that as a viable option since original service herein was not upon the sheriff.

The trial court granted the Motion to Dismiss without prejudice. ACLU appeals.[2]

---

[1] All statutory references are to RSMo 2016. All rule references are to Missouri Court Rules (2022).

[2] In a motion taken with the case, Sheriff's Office moved to dismiss this appeal by arguing the trial court's judgment, as a dismissal without prejudice, was not final. Sheriff's Office argues that as a general rule, "a dismissal

**Standard of Review**

"The circuit court's decision whether to grant or deny leave to amend will not be disturbed absent an obvious and palpable abuse of discretion." *Moore v. Armed Forces Bank, N.A.*, 534 S.W.3d 323, 328 (Mo.App. 2017) (internal quotation marks omitted). "Judicial discretion is abused when the court's ruling is clearly against the logic of the circumstances presented to the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." *Sheffield v. Matlock*, 587 S.W.3d 723, 731 (Mo.App. 2019). "[O]utright refusal to grant the leave *without any justifying reason appearing* for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the [Rule]." *Asmus v. Cap. Region Fam. Prac.*, 115 S.W.3d 427, 437 (Mo.App. 2003) (internal quotation marks omitted).

**Discussion**

ACLU asserts in its second point, which is dispositive, the trial court abused its discretion by denying ACLU leave to amend its petition to substitute the party defendant because the trial court denied ACLU's request without offering any explanation as to why leave to amend should not be granted.

Leave to amend a petition "shall be freely given when justice so requires." Rule 55.33(a). Similarly, "[o]n sustaining a motion to dismiss a claim, counterclaim or cross-claim the court shall freely grant leave to amend and shall specify the time within which the

---

without prejudice is not a final judgment and, therefore, is not appealable." *Chromalloy American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997). It is well-established that "a party can appeal from a dismissal without prejudice if the dismissal has the practical effect of terminating the action." *Adem v. Des Peres Hospital, Inc.*, 515 S.W.3d 810, 814 (Mo.App. 2017) (internal quotation marks omitted). "If the plaintiff would be barred from refiling the suit due to the statute of limitations, then a dismissal without prejudice may be deemed final because it has the practical effect of terminating the litigation." *City of Kansas City v. Ross*, 508 S.W.3d 189, 192 (Mo.App. 2017). Because ACLU is barred from refiling its petition by the Sunshine law statute of limitations under section 610.027.5, the trial court's dismissal without prejudice has the practical effect of ending the litigation. Accordingly, the trial court's judgment was final, and we deny Sheriff's Office's motion to dismiss this appeal.

3

amendment shall be made or amended pleading filed." Rule 67.06. "Denial of leave to amend is within the sound discretion of the trial court*," see **Matlock***, 587 S.W.3d at 731, and in considering whether justice requires granting leave to amend, courts consider several factors including "the reasons for the moving party's failure to include the matter in the original proceedings; whether there is any prejudice to the non-moving party; and whether there will be hardship to the party requesting amendment if the request is denied." **Moore**, 534 S.W.3d at 328. "A non-moving party is not prejudiced by a motion for leave to amend unless that party is deprived of a legitimate claim or defense." **Germania St., LLC v. Jackson**, 509 S.W.3d 123, 126 (Mo.App. 2016).

Because the statute of limitations for ACLU's Sunshine law claim has run, amendment of ACLU's petition is only permitted when the amendment "relates back to the date of the original pleading," which occurs when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Rule 55.33(c). Further:

> An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and within the period provided by law for commencing the action against the party and serving notice of the action, the party to be brought in by amendment: (1) has received such notice of the institution of the action as will not prejudice the party in maintaining the party's defense on the merits and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

*Id*. The notice required under this Rule is "sufficient when the party actually sued and the party whom plaintiff meant to sue had a sufficient identity of interest or were so closely connected that notice to one would suffice to inform the other of a pending claim for relief." **Johnson v. Delmar Gardens W., Inc.**, 335 S.W.3d 83, 89 (Mo.App. 2011) (internal quotation marks omitted).

ACLU's proposed amendment changing the party defendant relates back to the date of its original petition. The proposed amendment changes only the name of the party defendant and arises out of the same transaction or occurrence – ACLU's Sunshine law claim. Sheriff Heitman had notice because he has sufficient identity of interest and is closely connected to Sheriff's Office. The petition was originally served on a Maries County deputy sheriff. An attorney for Sheriff's Office made a limited entry of appearance, and Sheriff Heitman was served with ACLU's petition. Furthermore, Sheriff Heitman testified in a deposition taken by ACLU. Both Sheriff Heitman and Sheriff's Office not only had notice of ACLU's petition, but actively participated in the litigation and therefore knew or should have known that the action would have been brought against them. Accordingly, neither Sheriff Heitman nor Sheriff's Office would be prejudiced by ACLU's proposed amendment, as ACLU neither seeks to amend its claim nor add any further claims, and both had notice and opportunity to defend from ACLU's allegations. ACLU would suffer great hardship if the request were denied as they are barred from refiling its petition by the statute of limitations.[3]

The trial court denied ACLU's request to add Sheriff Heitman's name pursuant to Rule 52.13(d) because "original service herein was not on the Sheriff." However, the trial court provided no explanation for denying ACLU's request to amend its petition under Rule 55.33(a). The record indicates that the trial court did not consider any factors in denying ACLU's request to amend its petition. The trial court's outright denial of leave to amend under Rule 55.33(a)

---

[3] Sheriff's Office asserts ACLU did not preserve this argument because ACLU "nowhere in the record sought relief for this cause from the trial court or provided it with citation to the authorities they now rely on." However, as Sheriff's Office acknowledges, preservation is sufficient when "the matter was previously presented to the trial court." Rule 78.07(b). In its suggestions in opposition to Sheriff's Office's motion to dismiss, ACLU requested leave to amend its petition to change the name of the party defendant, thereby presenting the matter to the trial court and preserving the issue for appeal. Rule 78.07(b) does not require ACLU to specifically argue that it would suffer hardship from the statute of limitations if its request to amend its petition was denied, and the Rule does not require ACLU to list the specific authorities used to support this argument.

without any justifying reason therefore indicates a lack of careful consideration and an abuse of discretion.

Point two is granted.

## Decision

With regard to the trial court's denial of leave to amend ACLU's petition, we vacate the trial court's judgment and remand with instructions to grant ACLU's motion for leave to amend to name Sheriff Heitman as a party defendant in accordance with this opinion.

BECKY J.W. BORTHWICK, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

DON E. BURRELL, J. – CONCURS